IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Cause No:   1:11CR-00103 JAR |
| ) | |
| COREY TURNER, SR. ) | |
| ) | |
|     Defendant. ) | |

**RESPONSE TO GOVERNMENT'S OPPOSTION
TO RETROACTIVE APPLICATION OF SENTENCING
GUIDELINES AMENDMENT 782 SENTENCE REDUCTION**

Comes now Defendant, Corey Turner, Sr., by and thru counsel, Peter M. Cohen and for his response to the Government's opposition to Retroactive application of sentencing guidelines Amendment 782 Sentence reduction, states as follows:

The facts of the case which the government elicited in its response were all things previously taken into account by the court when it arrived at Defendant's offense level prior to sentencing.  His leadership role, drug quantity and offense level were all accounted for in the offense calculation as was the obstruction enhancement.  The government also argues that Defendant's lack of remorse, at sentencing should also be used against him to deny his request for reduction application of the 782 Amendment.  The government argues that Defendant lacked remorse because he referred to "the unlawful act of investigative agencies that was committed by the investigative agencies to put us in here" S.T. pp 55-56.  Contrary to the government's assertion that this shows a lack of remorse by Defendant, his statement did have a ring of truth as bourne out by the Appellate Court in its opinion.   The Eighth Circuit noted that after going thru a litany of Federal Court Rule 41 violations that occurred in the case that "we

1

are concerned about the number of Rule 41 violations in this case. U.S. v. Turner, 13-2574 (3/18/15 p. 14)

As to the government's argument that reduction of Corey Turner, Sr.'s sentence would result in a sentencing disparity with his co-defendants, Antonio Turner and Donald Turner, it is important to note that both of these individuals had numerous felony drug priors which Defendant had one and thus they were subject to mandatory life which Defendant was not.

In addition, an unwarranted sentencing be disparity would in fact result by not reducing Corey Turner, Sr.'s sentence compared with other Defendants who did receive the benefit of the lower offense levels in the future.

In sum, reduction of Defendant's sentence to 360 months would provide just punishment for the offense and would not result in an unwarranted sentencing disparity with similarly situated defendants when taking into account both drug quantity involved in the offense as well as criminal history of is co-defendants.   By any definition, thirty (30) years is a severe sentence for a drug offense and would amply provide for the protection of the public.

WHEREFORE, Defendant respectfully requests this Honorable Court to reduce his sentence to 360 months.

Respectfully submitted,

 /s/ Peter M. Cohen
PETER M. COHEN   #38391
Attorney for Defendant
2734 Lafayette
St. Louis, MO 63104
(314) 772-9494
(314) 772-3604 Fax
petecohen@sbcglobal.net

CERTIFICATE OF SERVICE

  I hereby certify that on April 14, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Tiffany Becker, Assistant United States Attorneys.

            /s/  Peter M. Cohen
            Attorney for Defendant